IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS J. WINSTON,

    Petitioner,               No. CIV S-07-2284 JAM DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.          <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 2, 2007, the undersigned ordered respondent to respond to the petition. On November 29, 2007, respondent filed a motion to dismiss on the grounds that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to respondent's motion to dismiss. Respondent has filed a timely reply.

**BACKGROUND**

        Petitioner challenges the Board of Parole Hearings' April 14, 2004 decision to deny him parole. (Pet. at 5-1; Resp't's Mot. to Dismiss, Ex. 1.) Petitioner contends that the Board's decision finding him unsuitable for parole violates his rights under the Due Process Clause because: (1) the Board's conclusion that he poses an unreasonable risk of danger to the

1

public is not supported by any relevant or reliable evidence; (2) the Board relied on unchanging factors, including his commitment offense and prior criminal conduct; (3) the Board misapplied its own unsuitability criteria; and (4) each of the factors the Board relied on to deny him parole lacks evidentiary support in the record. (Pet. at 5-1 - 5-2.)

The Board held petitioner's parole consideration hearing on April 14, 2004. (Resp't's Mot. to Dismiss, Ex. 1.) The Board's decision became final on August 12, 2004. (Id.) On September 3, 2004, petitioner administratively appealed from the Board's decision. (Id., Ex. 2.) The Office of Policy and Appeals denied that appeal on July 19, 2005. (Id., Ex. 2.)

Petitioner did not wait for the Office of Policy and Appeals' decision before pursuing his remedies in state court. On December 27, 2004, petitioner filed a petition for writ of habeas corpus with the Los Angeles County Superior Court seeking to collaterally attack the Board's decision. (Resp't's Mot. to Dismiss, Ex. 3.) The Superior Court denied the petition on April 12, 2005, concluding that the record contained "some evidence" to support the Board's finding that petitioner was unsuitable for parole. (Id., Ex. 4.) On November 10, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Second Appellate District. (Id., Ex. 4.) That petition was denied on April 3, 2006 with the court finding that the petition failed to state sufficient facts or provide an adequate record or legal authority demonstrating entitlement to the relief requested. (Id., Ex. 6.) However, the court also concluded that there was "some evidence" to support the Board's decision. (Id.) Finally, on April 14, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Ex. 7.) The California Supreme Court summarily denied the petition on December 13, 2006. (Id., Ex. 8.)

On September 7, 2007, petitioner filed the instant petition in the United States District Court for the Central District of California. The Central District transferred the case to this court where venue is proper.

/////

2

**RESPONDENT'S MOTION TO DISMISS**

Respondent has moved to dismiss the petition on the grounds that it is time-barred under AEDPA. (Resp't's Mot. to Dismiss at 3-4.) Respondent argues that petitioner had one year to file his federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Id. at 3.) Respondent argues that petitioner discovered the factual predicate for his claims on August 12, 2004, the date the Board's decision denying him parole became final. (Id. at 4.)

Respondent contends that the limitations period under AEDPA ran for 137 days from August 12, 2004, until December 27, 2004, when petitioner filed his first petition for a writ of habeas corpus in the Los Angeles Superior Court. (Resp't's Mot. to Dismiss at 4.) The Superior Court denied petitioner's state habeas petition on April 12, 2005. Respondent states that petitioner did not file his petition in the California Court of Appeal until November 10, 2005 - 212 days after the Superior Court's denial of relief. (Resp't's Mot. to Dismiss at 4.) Respondent argues that this seven-month gap between state court filings is too long to qualify for statutory tolling. (Id.) Finally, respondent notes that petitioner filed his petition for writ of habeas corpus in the California Supreme Court on April 14, 2006. (Id.) The court denied that petition on December 13, 2006. (Id.) Respondent contends that the statute of limitations began running again with the California Supreme Court's denial of relief and that another 268 days elapsed until petitioner filed his federal petition on September 7, 2007. (Id.) In total, respondent calculates that 617 days of untolled time elapsed before the federal petition was filed in this court (137 + 212 + 268 = 617), far exceeding the AEDPA one-year limitations period.[1]

---

[1] Respondent maintains that the statute of limitations period commenced on August 12, 2004, and not on July 19, 2005, when the Office of Policy and Appeals decided petitioner's administrative appeal, because petitioner did not rely on his appeal as part of the factual basis of his claims. (Resp't's Mot. to Dismiss at 5.) Alternatively, respondent argues that even if the limitations period commenced on July 19, 2005, the petition is still untimely. (Id. at 6.) According to respondent, under this scenario, the statute of limitations ran for 114 days until petitioner filed his petition for writ of habeas corpus with the California Court of Appeal on November 10, 2005. Two-hundred and sixty-eight (268) more days elapsed between the

3

**PETITIONER'S OPPOSITION**

In opposition to respondent's motion to dismiss, petitioner contends that he filed his petition within the AEDPA one-year limitations period. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 4.) Specifically, petitioner argues that the Board's decision to deny him parole became final on August 12, 2004 and on August 29, 2004, he administratively appealed the decision. (Id. at 6.) Having not received a decision from the Office of Policy and Appeals after 120 days, petitioner filed his first petition with the Los Angeles Superior Court on December 27, 2004. (Id.) Petitioner concludes that the AEDPA one-year limitations period did not commence any sooner than December 27, 2004. (Id.)

Petitioner also argues that he is entitled to equitable tolling for the periods between his state habeas petition filings. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 6.) Specifically, petitioner reports that he was not timely informed of the Superior Court's April 12, 2005 denial. (Id.) He explains that, on January 4, 2005, he transferred from Mule Creek State Prison to Folsom State Prison. (Id.) Having not heard from the Los Angeles County Superior Court, on April 25, 2005, he filed a request for a ruling. (Id. at 7.) On July 13, 2005, petitioner finally received word from the court that it had denied his petition on April 12, 2005. (Id.) Petitioner maintains that he notified the court of his address change on January 31, 2005, but the court had nevertheless mailed its denial to his old address. (Id. at 6-7.) Similarly, petitioner explains that he filed his habeas petition in the California Supreme Court on April 14, 2006. (Id. at 7.) Having not heard from the court, on May 31, 2007, petitioner sent the court a letter, inquiring about the status of his petition. (Id.) On June 12, 2007, petitioner received word from the court that it had denied his petition on December 13, 2006. (Id.) Petitioner argues that there is no record of the California Supreme Court sending him a copy of its denial. (Id. 8-9.)

---

California Supreme Court's denial and petitioner's filing of his petition in federal court. In total, respondent calculates that under this scenario 382 days elapsed on the statute of limitations before petitioner filed his federal petition (114 + 268 = 382), thereby rendering it untimely by 17 days.

Petitioner concludes that, in light of the extraordinary circumstances in this case, as well as his due diligence in pursuing his claims, the court should consider his federal petition timely.

**RESPONDENT'S REPLY**

In reply, respondent argues that equitable tolling is only available where extraordinary circumstances beyond a prisoner's control made it impossible for him to timely file. (Resp't's Reply at 1.) Meeting this high threshold requires a showing that "wrongful conduct" caused the untimely filing. Here, respondent contends that petitioner has not met this burden. First, respondent argues that, although petitioner shows that he sent something to the Superior Court, he has not demonstrated that he notified the court of his address change after he transferred from Mule Creek State Prison to Folsom State Prison. (Id.) Second, respondent argues that petitioner has not demonstrated that he notified the California Supreme Court of his address change after he transferred from Folsom State Prison to CSP-Solano. In addition, with regard to the petition before the California Supreme Court, respondent argues that petitioner was not diligent in pursuing his claims because he waited more than one year before inquiring about the status of that petition. Respondent concludes that petitioner has failed to show that the state courts wrongfully prevented him from timely filing his federal petition and therefore he is not entitled to equitable tolling.

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run the day after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Shelby, 391 F.3d at 1066 (limitation

/////

period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. Id. at 1084 (citing Wade, Cook, and Burger).[2]

/////

---

[2] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." Redd, 343 F.3d at 1084 n.11 (citing Kimbrell, 311 F.3d at 363-64).

7

1    Subsequently, the Ninth Circuit decided in Shelby what it had assumed in Redd:

> § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted). The Ninth Circuit again cited the decisions in Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of statutory construction and the purposes of the AEDPA. Id. at 1063. The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions. Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied. Id. at 1062.

Applying the holdings of Shelby and Redd, as is required, this court must determine when petitioner could have learned of the factual basis for his claims through the exercise of due diligence. See Shelby, 391 F.3d at 106; Redd, 343 F.3d at 1082 & 1084. The parties do not dispute that petitioner's parole consideration hearing was held on April 14, 2004 and that the Board's decision became final on August 12, 2004. The parties also do not dispute that, on September 3, 2004, petitioner administratively appealed the Board's decision but the Office of Policy and Appeals did not deny the appeal until July 19, 2005. Finally, the parties do not dispute that petitioner filed a petition for writ of habeas corpus with the Los Angeles County Superior Court on December 27, 2004 before a decision was rendered on his administrative appeal.

The court agrees with petitioner that under these circumstances the earliest possible date it can be said that he could have discovered the "factual predicate" of his claims was on December 27, 2004. It was on that date, after waiting four months after the filing of his

8

administrative appeal on receiving no response from the Board that petitioner filed his first state habeas action challenging the parole denial.  The state's failure to respond to petitioner's administrative appeal in a more timely fashion does not negate the fact that his administrative appeal was properly pending from September 3, 2004 until July 19, 2005, when the Office of Policy and Appeals eventually ruled on it.  Moreover, respondent offers no persuasive argument or evidence to the contrary.  Accordingly, at the earliest and absent any tolling, petitioner had one year from December 28, 2004, to file his federal petition.  Cf. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).

III.  Application of § 2244(d)(2)

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely.  The Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time.  Evans v. Chavis, 546 U.S. 189, 198 (2006).  When a state postconviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d

9

1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)).  See also Carey, 536 U.S. at 226.  However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time.  Chavis, 546 U.S. at 198.

As noted above, petitioner filed three "up-the-ladder" state collateral challenges to the Board's decision denying him parole.  On December 27, 2004, he filed a petition for writ of habeas corpus with the Los Angeles County Superior Court which was denied on April 12, 2005.  (Resp't's Mot. to Dismiss, Ex. 3 & 4.)  Nearly seven months later, he filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on April 3, 2006.[3]  (Id., Exs. 4 & 6.)  Within days thereafter, he filed a petition for writ of habeas corpus in the California Supreme Court that was summarily denied on December 13, 2006.  (Id., Exs. 7 & 8.)

If petitioner filed his petition for writ of habeas corpus in the California Court of Appeal within a reasonable time after the denial of his petition by the Superior Court, then the statute of limitations under § 2242(d)(2) was tolled continuously from the date petitioner filed his first state habeas petition through the date the California Supreme Court denied his third state habeas petition, rendering petitioner's federal habeas petition timely.

In denying petitioner's petition, the California Court of Appeal stated as follows:

> The petition for writ of habeas corpus has been read and considered.  The petition is denied for failure to state sufficient facts or to provide an adequate record or legal authority demonstrating entitlement to the relief requested.  There is "some evidence" to support the findings of the Board of Prison Terms.  (See *In re Dannenberg* (2005) 34 Cal.4th 1061, 1071.)

(Resp't's Mot. to Dismiss, Ex. 6.)  Notably, the court did not find the petition to be untimely.

---

[3] Respondent does not argue that this petition was improperly filed but rather contends that petitioner's delay of 212 days between the Superior Court's denial of relief and petitioner's filing in the next higher court cannot be considered to be reasonable under California law.

Given the clear indication that the California Court of Appeal did not deny petitioner's habeas petition as untimely, this court is now nonetheless charged with the duty of independently determining whether petitioner filed his habeas petition within what California courts would find a reasonable time had they chosen to consider the issue.[4] The Supreme Court's acknowledgment that such a determination may be difficult (Chavis, 546 U.S. at 199) is well supported. As the Ninth Circuit has noted:

> California's timeliness rule bars habeas petitions that are filed after 'substantial delay.' A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).

---

[4] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at 199. In Bonner v. Carey, the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue. See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, *6, n.14 (E.D. Cal. Sept. 21, 2006). All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising. Id. Thus, in an earlier Ninth Circuit decision it was observed:

> For example, Morales asserts that at the time his case was litigated in the district court, the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone. The State does not dispute these figures[.]
>
> ***
>
> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old. Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could Morales be expected to do so.

Morales v. Calderon, 85 F.3d 1387, 1391-92 (9th Cir. 1996). See also King, 464 F.3d at 966.

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, it is also important to note that petitioner's case is not a capital case. California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases. See Chavis, 546 U.S. at 202 & 209 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")). However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most states." Chavis, 546 U.S. at 202 (Stevens, J., concurring).

The undersigned recognizes that the United States Supreme Court found in <u>Chavis</u> an unexplained six-month gap between the filing of habeas petitions in California courts was unreasonable and therefore untimely, presumably, as a matter of California law. 546 U.S. 201. That conclusion was based, at least in part, on the notion that six months is longer than the thirty to sixty days allowed by most states for the filing of an appeal to their state supreme courts and longer than the ten days California provides for the filing of a notice of appeal. <u>Id.</u> However, in attempting to predict what California courts would find reasonable, time limits for the filing of notices of appeal under state law have little application. More important to resolution of the pending motion to dismiss is the Supreme Court's holding in <u>Saffold</u> that the four and a half month delay between the denial of the petitioner's habeas petition by the California Court of Appeal and the filing of his habeas petition with the California Supreme Court was not necessarily unreasonable and therefore did not necessarily render the petition to the California Supreme Court untimely under California law for federal statute of limitations purposes. See <u>Saffold</u>, 536 U.S. at 226; <u>see also</u> <u>Chavis</u>, 546 U.S. at 209 (Stevens, J., concurring).

Here, the Los Angeles County Superior Court denied petitioner's first state habeas petition on April 12, 2005. However, it is not disputed that petitioner did not receive the denial until after July 13, 2005, as a result of being transferred from Mule Creek State Prison to Folsom State Prison on January 4, 2005. Petitioner has submitted to this court a copy of his outgoing mail log from Folsom State Prison, which indicates that he sent the Los Angeles County Superior Court a notice of change of address on January 31, 2005. Although a copy of petitioner's actual filing has not been presented to this court, the record reflect that he submitted the filing from Folsom State Prison which at the very least should have alerted the Superior Court that he was no longer being held at Mule Creek State Prison. Moreover, having not heard from the Superior Court, on April 25, 2005 petitioner filed with that court a request for a ruling. Not until sometime after July 13, 2005, did petitioner learn from that court that his petition had been denied on April 12, 2005.

1    Thus, in this case the 212-day gap between the Superior Court's denial of relief
2 and petitioner's filing of his next petition in the California Court of Appeal is not an unexplained
3 delay and cannot serve as the basis for dismissal. Instructive in this regard is the U.S. Supreme
4 Court's analysis of the issue before it in Evans v. Chavis. There, the Court was confronted with a
5 3-year and 1-month delay between the denial of a petition filed in the California Court of Appeal
6 and the filing of a petition in the California Supreme Court. 546 U.S. at 195. The Court
7 considered Chavis' explanation that he could not use the prison law library to work on his
8 petition during the three years because his prison job's hours coincided with those of the library
9 or prison lockdowns confined him to his cell. Chavis conceded that he was given a new job
10 about a year and a half after the California Court of Appeal denied his petition and did not deny
11 the respondents' assertion that the new job's hours permitted him to use the library. He also
12 conceded that the prison was relatively free of lockdowns for a six-month period. The Court
13 viewed the disputed issues favorably to Chavis with regard to all but six months of his 3-year and
14 1-month delay. 546 U.S. at 201. The Court concluded that the California Supreme Court would
15 not consider an unexplained and therefore unjustified 6-month filing delay "reasonable." Id.
16    The petitioner in this case has explained and hence justified each period of delay.
17 Respondents have offered no persuasive rebuttal to his explanations. Petitioner is therefore
18 entitled to tolling of the entire 212 day period. See White v. Ollison, 530 F. Supp. 2d 1077, 1083
19 (C.D. Cal. 2007) (76-day delay to resubmit petition on a proper form after Clerk of the Court
20 refused to file it was not unexplained and was therefore subject to tolling); Bui v. Hedgpeth, 516
21 F. Supp. 2d 1170, 1174-76 (C.D. Cal. 2007) (83-day delay to conduct additional research and
22 158 day delay due to difficulties in obtaining photocopies properly tolled); Roeung v. Felker, 484
23 F. Supp. 2d 1081, 1084-85 (C.D. Cal. 2007) (six-month delay to conduct further research and
24 expand petition properly tolled); Haynes v. Carey, No. Civ. S-07-0484 LKK DAD P, 2007 WL
25 3046008, *3-*5 & n.3 (E.D. Cal. Oct. 18, 2007) (170-day gap between denial of relief and filing
26 of the next petition was explained by prison law library closures and library access limited by

lock downs, staff meetings, training and schedule irregularities and therefore was subject to tolling); Burke v. Campbell, No. Civ. S-06-0459 FCD DAD P, 2006 WL 3589510 (E.D. Cal. Dec. 11, 2006) (significant delays explained by limited prison law library access, complexity of legal issues to be raised, serious medical conditions and other legal actions against which petitioner was forced to defend properly subject to tolling where respondent failed to rebut the explanations).

      Based on the circumstances in this case, including petitioner's explanation for the delay, this court cannot conclude that if the California courts had considered the issue, they would have determined that the habeas petition filed with the California Court of Appeal was not filed within a "reasonable time." Cf. e.g., Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (unexplained delays of eighteen, fifteen, and ten months between habeas filings are unreasonable and not subject to interval tolling).[5] Having determined that the explained delay between the Los Angeles County Superior Court's denial of relief and petitioner's filing of a habeas petition in the California Court of Appeal cannot be said to have been unreasonable under state law, the undersigned finds that petitioner is entitled to statutory tolling for the entire time his habeas

---

[5] Not surprising in light of the uncertain scope of California's 'reasonable time' standard, no consensus has emerged among district courts in California even as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis. Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day intervals between decision and filing of the next petition not unreasonable); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (six-month delay neither unjustified nor unreasonable under Chavis); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235 day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable). Of course, here the delay has been explained.

petitions were pending in the state courts.  Statutory tolling for that period renders the federal petition timely.[6]  Accordingly, respondent's motion to dismiss should be denied.

### CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's November 29, 2007 motion to dismiss the petition as barred by the statute of limitations be denied; and

2. Respondent be directed to file an answer to petitioner's petition within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wins2284.157

---

[6] In light of the Los Angeles Superior Court's delay in sending petitioner its ruling denying his habeas corpus petition, petitioner would also be entitled to equitable tolling of the statute of limitations for the period between April 12, 2005, when the Superior Court denied his petition and July 13, 2005, when he learned of the denial, since he was diligently pursuing his rights and the Superior Court's error would qualify as an extraordinary circumstance.  See Pace v. DiGuglielmo, 544 U.S. 408, (2005); White v. Ollison, 530 F. Supp. 2d 1077, 1083-84 (C.D. Cal. 2007) (granting equitable tolling where plaintiff established he did not receive notice of court ruling denying his habeas corpus petition).